UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DELROY ASKINS,

                              Plaintiff,

                    -against-

MARLENE SANTOS,

                              Defendant.

22-CV-11011 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question

jurisdiction, 28 U.S.C. § 1331. Plaintiff sues Marlene Santos ("Santos"), Plaintiff's sister, who

participated in the care of Plaintiff's now-deceased mother. On January 31, 2022, Plaintiff filed a

substantially similar action against Santos and her husband, Robert Santos. *Askins v. Santos*,

ECF 1:22-CV-0817, 4 ("*Askins I*"). The Court, by order dated February 7, 2022, directed

Plaintiff to show cause why *Askins I* should not be dismissed for lack of subject matter

jurisdiction. The following month, on March 7, 2022, Plaintiff moved to withdraw *Askins I*, and

the Court granted the request. ECF 1:22-CV-0817, 6.

        By ordered dated January 27, 2023, the Court granted Plaintiff's request to proceed *in

forma pauperis* ("IFP") in this new action. For the reasons set forth below, the Court again

directs Plaintiff to show cause, within 30 days of the date of this order, why the Court should not

dismiss this action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.*

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The Court assumes familiarty with the facts of this case, which were described in detail in the Court's February 7, 2022, order issued in *Askins I*. Plaintiff Delroy Askins, who resides in New York, brings his claims using the court's general form complaint. He checks the box on the form to invoke the Court's federal question jurisdiction and, in response to the question asking which of his federal constitutional or federal statutory rights has been violated, Plaintiff writes, "I believe[ ] that my Constituional Rights, my Civil Rights, my Human Rights, and the ADA Rights Have been violated." (ECF 2, at 2.) Plaintiff sues his sister, who lives in New York. He alleges that the events giving rise to his claims occurred in October 2020 at an address in Manhattan. (*Id.* at 5.)

In a statement of facts, Plaintiff describes his mother's declining health and asserts that Santos, who he identifies as a caretaker for his mother, mistreated both him and his mother because of his and his mother's disabilities. He claims that "Marlene always had a problem with people with disabilities . . . [and] [n]ow because our mother became disabled Mrs. Santos is being dismissive of needs when this is the very time to show support to the needy which happens to be Frances Askin [Plaintiff's mother] who does matter." (ECF 2, at 8.)

Plaintff brings a wrongful death cause of action and seeks money damages and injunctive relief.

**DISCUSSION**

The subject matter jurisdiction of the federal district courts is limited and is set forth

generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available

only when a "federal question" is presented or when plaintiff and defendant are citizens of

different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is

common ground that in our federal system of limited jurisdiction any party or the court *sua*

*sponte*, at any stage of the proceedings, may raise the question of whether the court has subject

matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v.*

*CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway*

*Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see*

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own

initiative . . . .").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under

federal law if the complaint "establishes either that federal law creates the cause of action or that

the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting

*Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of

federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal

subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182,

1188-89 (2d Cir. 1996).

Although Plaintiff invokes the Court's federal question jurisdiction, he does not identify any federal law under which his claims arise, and his factual allegations, construed liberally, do not suggest plausibly a federal cause of action. His reference to the Americans with Disabilities Act ("ADA") is misplaced because the ADA does not apply here.[1] Thus, the Court cannot exercise federal question jurisdiction of his claims against his sister.

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both he and his sister reside in New York, precluding complete diversity of citizenship.

The Court therefore directs Plaintiff to show cause, by filing a written declaration within 30 days of the date of this order, why this action should not be dismissed without prejudice for lack of subject matter jurisdiction.

## CONCLUSION

The Court directs Plaintiff to show cause, by filing a written declaration within 30 days of the date of this order, why this action should not be dismissed without prejudice for lack of

---

[1] The ADA prohibits discrimination against individuals who are disabled in major areas of life activity. The statute consists of three parts: Title I, 42 U.S.C. § 12111−12117, which prohibits discrimination on the basis of disability in employment; Title II, 42 U.S.C. §§ 12131−12165, which prohibits discrimination by public entities on the basis of disability; and Title III, 42 U.S.C. § 12181−12189, which prohibits such discrimination in access to public accommodations. *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001).

subject matter jurisdiction. Plaintiff's declaration, if any, should be submitted to the Pro Se

Intake Unit within 30 days and should bear the docket number 22-CV-11011 (LTS). A

declaration form is attached to this order.

If Plaintiff fails to submit a declaration within 30 days, or if the declaration does not

show that the Court has subject matter jurisdiction over this action, the complaint will be

dismissed for lack of subject matter jurisdiction. The Clerk of Court is directed to mail a copy of

this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See

Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

 Dated:     February 8, 2023
            New York, New York

                                   ___/s/ Laura Taylor Swain___
                                       LAURA TAYLOR SWAIN
                                   Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

                                            Case No. _____ CV _____

                    -against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

    Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
    Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

    In the space below, describe any facts that are relevant to the motion or that respond to a court
    order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
| Name | Prison Identification # (if incarcerated) |
| Address | City | State | Zip Code |
| Telephone Number (if available) | E-mail Address (if available) |