UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DELROY ASKINS,

                Plaintiff,

-against-

MARLENE SANTOS,

                Defendant.

22-CV-11011 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action against his sister, Marlene Santos ("Santos"), asserting that Santos did not adequately care for their now-deceased mother. On February 8, 2023, the Court directed Plaintiff to show cause why the Court should not dismiss the action for lack of subject matter jurisdiction. On March 13, 2023, Plaintiff filed a declaration. Because this submission does not state any facts showing that the Court has jurisdiction of Plaintiff's claims, the Court dismisses the action without prejudice to any action Plaintiff seeks to bring in the state courts.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

In Plaintiff's original complaint, he invoked the court's federal question jurisdiction under 28 U.S.C. § 1331, stating, "I believe[ ] that my Constituional Rights, my Civil Rights, my Human Rights, and the ADA Rights Have been violated." (ECF 2, at 2.) Plaintiff, who lives in New York, sued his sister, who also lives in New York. (*See id.* at 3-4.) In addition to invoking the U.S. Constitution, Plaintff stated that he sought to bring a wrongful death cause of action.

In the Court's February 8, 2023, order, the Court noted that Plaintiff did not identify any federal law under which his claims arose, and found that his factual allegations, construed liberally, did not suggest a plausible federal cause of action. (*See* ECF 4.) The Court also found that Plaintiff's reference to the Americans with Disabilities Act ("ADA") was misplaced because the ADA did not apply to the facts alleged in the complaint. Accordingly, the Court concluded, it could not exercise federal question jurisdiction of Plaintiff's claims against his sister. The Court also concluded that it could not exercise diversity jurisdiction of his claims because Plaintiff provided New York addresses for his sister and himself. The Court therefore directed Plaintiff to show cause why the action should not be dismissed for lack of subject matter jurisdiction.

In Plaintiff's declaration, he does not allege that he and his sister are of diverse citizenship, nor does he add any details suggesting that his claims arise under federal law. The Court therefore lacks subject matter jurisdiction of Plaintiff's claims and dismisses the claims without prejudice to any state law action he seeks to pursue in the state courts.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, see Fed. R. Civ. P. 12(h)(3), without prejudice to any action Plaintiff seeks to pursue in the state courts.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:  May 2, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                          Chief United States District Judge